IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM DONNELL,

                           Plaintiff,

    v.

JAMES RETRUM and LINDA RETRUM,

                        Defendants.

OPINION and ORDER

24-cv-820-wmc

---

William Donnell, proceeding without counsel, alleges that defendants James and Linda Retrum breached a contract with him related to leasing a truck.  Because Donnell is proceeding without prepayment of the filing fee, this court must screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages.  *See* 28 U.S.C. § 1915(e).  In doing so, the court must accept Donnell's allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  But even applying these standards, Donnell's current allegations do not support a claim that this court can hear.

Donnell's allegations are somewhat difficult to follow, but the court understands him to be saying that he leased a truck from defendants, but defendants lied about the value of the truck and breached a contract related to the lease.  Donnell later filed a supplement to his complaint stating that defendants defamed him.  Donnell's allegations are sufficient to show that this court would have jurisdiction over his claims, as he alleges that he and defendants live

in different states and there is more than $75,000 in controversy. *See* 28 U.S.C. § 1332. However, his allegations are too vague and confusing to state a claim for relief.

Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The primary purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, the court cannot determine why Donnell believes he has a valid claim against defendants. He provides no allegations or explanation regarding (1) his contractual relationship with defendants; (2) why he believes defendants violated the contract; (3) how he was harmed by the violation; and (4) whether he attempted to resolve his concerns with defendants before filing this lawsuit, which may be relevant to a contract claim. Accordingly, his allegations are insufficient to satisfy Rule 8 or to state a viable claim against any of the defendants. Although Donnell's pleadings are entitled to leniency, he is not excused from meeting the basic requirements of Rule 8(a)(2). *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Thus, his complaint must be dismissed.

The Court of Appeals for the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving them a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Therefore, the court will grant Donnell a 30-day window to file an amended complaint. To comply with Rule 8, Donnell must provide notice to each defendant of what he or she is accused of doing, as well as when and where the

alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.  Any amended complaint will be screened under 28 U.S.C. § 1915(e)(2)(B), and any failure to respond will result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that:

1.  Plaintiff William Donnell's motion to amend his complaint (dkt. #5) is GRANTED.

2.  Plaintiff's complaint and amendment are DISMISSED without prejudice for failure to meet the pleading requirements of Federal Rule of Civil Procedure 8.

3.  Plaintiff may have until **April 27, 2026**, to submit an amended complaint. Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered March 31, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3